UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SAMANTHA L. JOHNSON,<br><br>Plaintiff,<br><br>v.<br><br>MELISSA S. HOLYOKE, et al.,<br><br>Defendants. | CASE NO. C23-1114JLR<br><br>ORDER |

Before the court is the parties' stipulated motion to "extend the current deadlines for disclosure of expert testimony and the discovery cut-off." (Mot. (Dkt. # 14) at 1.) The deadline for the disclosure of expert testimony was May 8, 2024, and the deadline for completion of discovery is July 8, 2024. (Sched. Order (Dkt. # 13) at 1.) Dispositive motions are due August 6, 2024, and trial is set to begin on November 4, 2024. (*Id.*) The parties propose to extend (1) the deadline for disclosure of expert testimony to May 24, 2024, and (2) the discovery cut-off date to August 16, 2024. (Mot. at 1.) The parties

//

ORDER - 1

represent that they need additional time to obtain expert opinions and engage in mediation.  (Mot. at 2.)

The court issues scheduling orders setting trial and related dates to provide a reasonable schedule for the resolution of disputes.  Pursuant to Federal Rule of Civil Procedure 16(b)(4), "[a] schedule may be modified only for good cause and with the judge's consent."  Fed. R. Civ. P. 16(b)(4).  "Good cause" for purposes of Rule 16 focuses on the diligence of the party or parties seeking to modify the pretrial scheduling order.  *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607-08 (9th Cir. 1992).  To show "good cause," a party must show that it could not meet the deadline imposed by the scheduling order despite its diligence.  *Id.* at 609.  As the court noted in its scheduling order, "failure to complete discovery within the time allowed is not recognized as good cause."  (Sched. Order at 1.)

The court grants the parties' motion as it pertains to the deadline for the disclosure of expert testimony but denies the motion as it pertains to the discovery cut-off date.  The proposed discovery cut-off date extends beyond the dispositive motions deadline, jeopardizing the remaining deadlines and the trial date.  The court generally sets the discovery cut-off 30 days prior to the deadline for filing dispositive motions to ensure that the court has before it a complete record when it considers a motion that could potentially dispose of the case.  (*See id.*)  Moreover, the schedule generally provides 90 days between the deadline for filing dispositive motions and the trial date.  (*See id.*)  This 90-day period takes into account:  (a) the 28-day period between the deadline for filing dispositive motions and the date those motions become ripe for the court's consideration,

*see* Local Rules W.D. Wash. LCR 7(d)(4); and (b) an additional 30 days during which the court endeavors to rule on the motion, *see id.* LCR 7(b)(5).

The court is amenable to moving the discovery cut-off date, but, for the reasons set forth above, any modification must not alter the noting date for dispositive motions. Assuming the parties file dispositive motions on the August 6, 2024 deadline, the noting date will be Tuesday, September 3, 2024.  *See id.* LCR 7(d)(4) ("28-Day Motions"). Thus, the parties may file a renewed motion proposing to extend the discovery cut-off date and the dispositive motions deadline, but all briefing on dispositive motions must be completed by no later than September 3, 2024 under any such proposal.

Alternatively, the court will consider moving the parties' trial date if they determine that the current November 4, 2024 trial date is unworkable.  The parties should be aware that the court is presently scheduling trials in the summer of 2025.  If the parties agree that the trial date should be moved to afford additional time to complete discovery and participate in mediation, they should file a stipulated motion to that effect.  If the court moves this matter to the end of its trial calendar, the court will also issue a new scheduling order with respect to all unexpired pretrial deadlines.

For the foregoing reasons, the court GRANTS in part and DENIES in part the parties' stipulated motion (Dkt. # 14).  The new deadline for the disclosure of expert testimony is May 24, 2024.

Dated this 9th day of May, 2024.

JAMES L. ROBART
United States District Judge

ORDER - 3